MELINDA HAAG (CSBN 132612)
United States Attorney

MIRANDA B. KANE (CSBN 150630)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney

450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: 415.436.6857
Facsimile:   415.436.7234
Email: patricia.kenney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>     v.<br><br>REAL PROPERTY LOCATED AT<br>1920 APPLE DRIVE, CONCORD,<br>CALIFORNIA (APN 147-094-009),<br><br>          Defendant. | No. 12-CV-00159 PJH<br><br>CASE MANAGEMENT STATEMENT OF THE UNITED STATES AND [PROPOSED] ORDER TAKING THE MAY 10, 2012 CMC OFF CALENDAR<br><br>Date:  May 10, 2012<br>Time:  2:00 p.m.<br>Place: Courtroom 3, 3rd Floor<br>          1301 Clay Street<br>          Oakland, California |

**1.      Jurisdiction and Service**

This is a judicial forfeiture action. The complaint sets forth probable cause to conclude that defendant 1920 Apple Drive, Concord, California is subject to forfeiture as proceeds of a conspiracy to commit bank fraud and of bank fraud. 18 U.S.C. § 981(a)(1)(C); *see also* Complaint for Forfeiture, filed January 10, 2012.

1    No service of process to acquire jurisdiction over an *in rem* defendant in a civil forfeiture action. In an *in rem* action, the United States is only required to provide notice in accordance with Supplemental Rule G(4). Supp. Rule for Admir. Or Maritime Claims and Asset Forfeiture Actions ("Supp. Rule") G(4). The United States gives direct notice to any person who appears to be a potential claimant and general notice by publication so that a party can decide to come into the action to defend the defendant asset by filing a verified claim of interest in defendant and an answer. *Id.* The United States provided direct notice and notice by publication. *See* Certificate of Service, filed January 19, 2012; Proof of Publication, filed May 3, 2012 (publication began January 25, 2012 and was completed on February 23, 2012). Despite having attempted to give direct notice to Hueler Moura at his last known addresses, the United States has no indication that Hueler Moura received notice because all of the envelopes sent to him were returned. No party has come forward to file a claim or an answer. *See* Docket Sheet

**2.     Facts**

This action is to forfeit the proceeds from a "short sale" involving a conspiracy to defraud a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC") under 18 U.S.C. § 20. A "short sale" is a sale of real property at a price less than the balance owed on the mortgage loan which is secured by that property. A short sale often occurs when the property owner cannot pay the mortgage loan and the actual value of the property is less than the balance owed on the mortgage, but the borrower and the mortgage holder decide that selling the property at a loss is better than foreclosure. A short sale must be approved by the mortgage holder. The mortgage holder generally requires that the short sale be an "arm's length" transaction which means that no party to the short sale contract can be a family member, business associate, or a person who shares a business interest with the seller.

On or about June 24, 2002, Alexandre Machado Pinheiro a/k/a Alexandre Machado ("Pinheiro") purchased defendant 1920 Apple Drive for approximately $278,000. In order to purchase defendant, Pinheiro obtained a mortgage loan from World Savings Bank in the amount of $194,670 and Pinheiro also obtained a line of credit secured by defendant 1920 Apple Drive in the amount of $55,620. On or about October 2, 2007, Pinheiro refinanced, paying off the mortgage and

line of credit, in order to obtain a new mortgage loan in the amount of $408,000 from Wachovia in the name of "Alexandre Pinheiro" which was secured by defendant 1920 Apple Drive. At the time Pinheiro refinanced, Wachovia was a financial institution insured by the FDIC under 18 U.S.C. § 20.

Subsequently, Pinheiro stopped making payments on the Wachovia mortgage. On or about June 19, 2009, Wachovia initiated foreclosure proceedings by recording a "Notice of Default" in connection with the 2007 mortgage it had secured by defendant 1920 Apple Drive and stating that as of June 19, 2009 Pinheiro was behind in mortgage payments in the amount of $21,643.54. To avoid foreclosure, Pinheiro conspired with others to maintain control and ownership of defendant 1920 Apple Drive while defrauding Wachovia by shedding substantial debt owed to it. Although Pinheiro knew that Wachovia would not agree to a short sale unless it was an arm's length transaction, Pinheiro obtained Wachovia's agreement to sell defendant 1920 Apple Drive to Heuler Moura, without disclosing that Heuler Moura was a business associate of Pinheiro or that Moura would transfer defendant 1920 Apple Drive back to Pinheiro.

Specifically, on or about October 21, 2009, Heuler Moura made an offer to purchase defendant 1920 Apple Drive for $160,000. In a letter dated October 27, 2009, Wachovia agreed to a short sale of defendant 1920 Apple for "no less than $139,829.00 in cash or certified funds" but stated that "[a]ny residual proceeds that exceed the amount stated shall also be forwarded to Wachovia." In agreeing to the short sale, Wachovia also stated that "[a]ny relationships between Seller, Buyer, Agents, and/or Escrow/Title Companies must be disclosed in writing . . . ."

On October 26, 2009, First American Title Company ("First American"), acting as escrow agent for the sale of defendant 1920 Apple Drive, deposited three cashier's checks, totaling $190,000, into the escrow account, ending in 6234, which First American had established for the purchase of defendant 1920 Apple Drive. Specifically, the first cashier's check, dated October 21, 2009, for $102,000, which First American deposited had been purchased by Homevestor, LLC, and was issued at the Pleasant Hill branch of Bank of America ("BofA") in California. The second cashier's check, dated October 21, 2009, for $38,000, had been purchased by Homevestor, LLC, and issued at the Sun Valley Center branch of BofA in California. The third cashier's check, dated

///

October 20, 2009, for $50,000, had been purchased by Elveicio Machado, who is the brother of Pinheiro, and issued at the Fruitvale branch of BofA in California.

On or about October 28, 2009, Heuler Moura purchased defendant 1920 Apple Drive from Pinheiro for $160,000. Seven weeks later, on December 18, 2009, Heuler Moura quit claimed defendant 1920 Apple Drive to Alexandre Machado as Trustee for Brusa Land Trust, located at 1920 Apple Drive.

As described below, the three bank checks which Heuler Moura used to purchase defendant 1920 Apple Drive are connected to Pinheiro who was a member of Homevestor, LLC, an LLC organized under Georgia law. Pinheiro was authorized to withdraw Homevestor funds from Homevestor's Bank of America account, ending in 5194, in Marietta, Georgia.

On or about May 13, 2008, the Secretary of State of Georgia registered Homevestor, LLC, as a Domestic Limited Liability Company in Georgia, with a mailing address of P.O. Box 670254 in Marietta, Georgia 30066. The registration lists Valdivino Moura, Jr., as the organizer and the registered agent of Homevestors, LLC, located at 1163 Garibaldi Street, Atlanta, Georgia and states that Homevestor's email address is homevestor@hotmail.com. On annual registrations for 2009 and 2010, the Secretary of State of Georgia also listed Valdivino Moura, Jr., as registered agent for Homevestor, LLC.

During the course of the investigation, FBI Special Agents obtained a Homevestor LLC, business card. The card is two-sided. On one side of the card, "Alexandre Pinheiro" is listed as a "Member" of Homevestor, LLC, with an email address at homevestor@hotmail.com and a telephone number in the 925 area code. On the other side of the card, "Heuler Moura" is listed as a "Member" of Homevestor, LLC, with the same email address as Pinheiro's at homevestor@hotmail.com, and a telephone number in the 404 area code.

According to BofA's records, Homevestor, LLC, at P.O. Box 670254 in Marietta, Georgia, opened an account in August 2008 ending in 5194. On March 16, 2010, Heuler Moura became a signatory. The account ending in 5194 was closed in November 2010. During October 2009 when Homevestor funds were deposited in the escrow account for the purchase of defendant 1920 Apple Drive, Pinheiro was authorized to withdraw funds from the Homevestor account ending in 5194, and

did withdraw at least $176,000 from that account during October 2009 just before the October 28, 2009 sale of defendant 1920 Apple Drive to Moura.  Specifically, on October 6, 2009, "Alexandre Pinheiro" listing his address as "1163 Garibaldi Street, S.W., Atlanta, GA 30310" made an out-of-state  withdrawal of $35,000 from Homevestor's account ending in 5194.  On October 15, 2009, "Homevestor, LLC" listing its address as "1163 Garibaldi Street, S.W., Atlanta, GA 30310" made an out-of-state  withdrawal of $39,000 from Homevestor's account ending in 5194.  The signature of on the October 6 and the October 15 withdrawal slips appear similar.  On October 21, 2009, "Alexandre Machado" listing his address as "1920 Apple Drive, Concord, CA" made an out-of-state withdrawal of $102,000 from Homevestor's account ending in 5194, again with a signature that appears similar.

As stated in paragraph 12, on December 18, 2009, Heuler Moura quit claimed his interest in defendant 1920 Apple Drive to Brusa Land Trust, Alexandre Machado, Trustee.  The day before, on December 17, 2009, the "Land Trust Agreement for Bursa Land Trust 1920 Apple Drive, Concord, CA 94518" was established in a notarized 15-page document signed by "Alexandre Machado" both as the only Beneficiary with "100% of the total beneficial interest" and as the Trustee.  The notary for 15-page Land Trust Agreement which "Alexandre Machado" signed was Fahim Choudhary.

On January 19, 2011, "Alexandre Pinheiro a.k.a. Alexandre Machado" ("Pinheiro") pled guilty to conspiring to defraud a FDIC- insured institution based on a short sale of property owned by his brother's property at 1268 Alcatraz Avenue, Berkeley, California.  Pinheiro admitted  posing as an individual, "Joao J.," who purchased 1268 Alcatraz and that his co-defendant, Fahim Choudhary, knowingly assisted Pinheiro in notarizing documents as a part of that transaction, as well as preparing tax returns in "Joao J.'s" name which showed sufficient income for him to qualify for the mortgage.  Pinheiro was subsequently convicted and sentenced to 12 months' imprisonment on July 18, 2011.

On January 19, 2011, Fahim Choudhary also plead guilty to conspiring to defraud a FDIC- insured institution based on a short sale of property owned by Pinheiro's brother at 1268 Alcatraz Avenue, Berkeley, California, by assisting Pinheiro in notarizing a number of documents which

1  purported to be signed by "Joao J." when he knew that Pinheiro had signed them, and prepared tax
2  returns in "Joao J.'s" name which Pinheiro signed to show sufficient income for "Joao J." to qualify
3  for the mortgage. Choudhary was subsequently convicted and sentenced to 100 days' imprisonment
4  on July 18, 2011.

5  After pleading guilty to conspiracy to commit bank fraud and before being convicted of that
6  conspiracy, "Alexandre Machado" as Trustee of Brusa Land Trust on May 20, 2011 quit claimed
7  defendant 1920 Apple Drive to "Heuler Moura, unmarried person."

8  The United States has no reason to believe that Alexandre Pinheiro a.k.a. Alexandre
9  Machado received consideration from Heuler Moura for defendant 1920 Apple Drive. That transfer
10 of title may have been a sham transaction to a straw person so that Pinheiro could avoid having to
11 sell it and pay restitution based on the facts which follow.

12 On January 19, 2011, Pinheiro plead guilty to conspiracy to commit bank fraud. *United*
13 *States v. Pinheiro, et al.,* No. 3:10-CR-00611 WHA (N.D. Cal.), Plea Agreement, filed January 19,
14 2011. In that plea agreement, Pinheiro expressly agreed as follows:

> I agree that the Court may order and I will pay restitution in an amount to be determined by the Court. I agree that I will make a good-faith effort to pay any fine, forfeiture, or restitution I am ordered to pay, including selling real estate that I currently own in order to pay any resitution or fine imposed by the Court.

18 *Id.,* Plea Agreement, ¶ 8. At the time, the United States was aware that Pinheiro was the owner of
19 record of defendant 1920 Apple Drive and that there was no mortgage on the property. The United
20 States anticipated that the property would be available for sale and could be sold for restitution.

21 As stated above, a little less than two months before Pinheiro was sentenced on July 13,
22 2011, Pinheiro (a/k/a Alexandre Machado as Trustee of the Brusa Land Trust) quit claimed
23 defendant 1920 Apple Drive to his partner "Heuler Moura, unmarried person" on May 20, 2011.
24 Thus, Pinheiro no longer "owned" defendant 1920 Apple Drive when he was sentenced on July 13,
25 2011. *See* Minutes [re: Sentencing of Pinheiro], filed July 13, 2011; Judgment [re: Pinheiro},
26 entered July 18, 2011.

27 ///
28 ///

### 3. Legal Issues

The issue which will be before the Court is whether to grant a default judgment and forfeit defendant 1920 Apple Drive to the United States.

### 4. Motions

There are no pending motions. The United States intends to file a motion for a default judgment.

### 5. Amendment of Pleadings

Not applicable.

### 6. Evidence Preservation

Not applicable.

### 7. Disclosures

No initial disclosures are required in civil forfeiture actions. Fed. R. Civ. P. 26(a)(1)(B)(ii). Also, in this case, issue has not been joined.

### 8. Discovery

Because issue has not been joined, there has been no discovery.

### 9. Class Actions

Not Applicable.

### 10. Related Cases

As mentioned, this case is related to *United States v. Pinheiro, et al.,* No. 3:10-CR-00611 WHA (N.D. Cal.), in the sense that the same type of criminal conspiracy underlying that case underlies the instant case.

### 11. Relief

The United States seeks to forfeit defendant 1920 Apple Drive.

### 12. Settlement and ADR

Inapplicable.

### 13. Consent to Magistrate Judge for all Purposes

This action was originally assigned to a Magistrate Judge but, on request, was reassigned to a District Court Judge.

**14. Other References**

Not applicable.

**15. Narrowing of Issues**

Not applicable.

**16. Expedited Trial Procedure**

Not applicable.

**17. Scheduling**

The United States will file a motion for a default judgment on or before May 11, 2012 and requests that the case management conference scheduled for May 10, 2012 be taken off calendar.

**18. Trial**

Not applicable..

**19. Disclosure of Non-Party Interested Entities or Persons**

The United States is exempt from the requirement in Civil Local Rule 3-16 to file a "Certification of Interested Entities or Persons."

**20. Other Matters**

Nothing at this time.

Respectfully submitted,

MELINDA HAAG
United States Attorney

Dated: May 3, 2012                    /s/
PATRICIA J. KENNEY
Assistant United States Attorney
Attorneys for the United States

UPON CONSIDERATION of the foregoing Case Management Statement of the United States, the entire record and for good cause shown, it is by the Court on the  7th  day of May, 2012

ORDERED that the United States shall file its motion for a default judgment on or before May 14, 2012; and it is further

///

///

///

US CMS
No. 12-CV-0060 PJH                    8

ORDERED that the Case Management Conference currently scheduled for Friday, May 10, 2012, be, and hereby is, taken off calendar.



HONORABLE PHYLLIS J. HAMILTON
United States District Judge

IT IS SO ORDERED
Judge Phyllis J. Hamilton