UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

REAL PROPERTY LOCATED AT 1920 APPLE DRIVE, CONCORD, CALIFORNIA (APN 147-094-009),

    Defendant.
_____/

No. C 12-0159 PJH

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

    This is a civil forfeiture action, originally filed on January 10, 2012, by plaintiff United States of America. The complaint alleges that Alexandre Machado Pinheiro ("Pinheiro" – a/k/a Alexandre Machado) purchased the property located at 1920 Apple Drive ("the property') in 2002 for $278,000. In October 2007, Pinheiro refinanced the property with a $408,000 loan from Wachovia. He subsequently stopped making payments, and in June 2009, Wachovia initiated foreclosure proceedings. At that point Pinheiro was more than $21,000 behind in the mortgage payments.

    In October 2009, Pinheiro obtained Wachovia's agreement to sell the property to Heuler Moura for $160,000. Wachovia agreed to that sales amount, on the condition that any relationships between the seller, buyer, agents, and/or escrow/title companies be disclosed in writing.

    On October 26, 2009, First American Title Company, acting as escrow agent, deposited three cashier's checks, totaling $190,000, into the escrow account established for the purchase of the property. Two of those cashier's checks were purchased by Homevestor, LLC, a Georgia limited liability company whose members (according to the FBI investigation) included Pinheiro and Heuler Moura. The limited liability company

registration in Georgia also shows Valdivino Moura, Jr. as the organizer and registered agent of Homevestors.

Heuler Moura was a signatory on Homevestor's Bank of America account opened in Georgia, from which Pinheiro was authorized to withdraw funds.  Despite this association, Pinheiro did not disclose to Wachovia that he had a business relationship with Heuler Moura and that the purchase of the property would not be an arms'-length transaction.  The third cashier's check was purchased by Elveicio Machado, Pinheiro's brother, in the amount of $50,000.

On October 28, 2009, Heuler Moura closed escrow on the property.  This short sale resulted in a $284,068 loss to Wachovia, which was the amount of the debt shed through the short sale.  Seven weeks later, on December 18, 2009, Heuler Moura quitclaimed the property to "Alexandre Machado" (Pinheiro's alias) as trustee for Bursa Land Trust, located at 1920 Apple Drive, Concord, California.

On January 19, 2011, Pinheiro pled guilty to conspiring to defraud an FDIC-insured institution based on a short sale of property owned by his brother, Elveicio Machado, located at 1268 Alcatraz Avenue in Berkeley.  USA v. Pinheiro, CR 10-0611 WHA.  Pinheiro admitted to posing as an individual, "Joao J.," who purchased the 1268 Alcatraz Avenue property, and also admitted preparing tax returns in "Joao J.'s" name to show sufficient income to qualify for a mortgage loan.  Pinheiro was convicted and sentenced on July 18, 2011 to 12 months imprisonment.  After pleading guilty, but before sentencing, Pinheiro quitclaimed the 1920 Apple Drive property back to Moura, which the United States speculates was to avoid forfeiture of the property in connection with his criminal conviction.

On January 10, 2012, the United States filed the present action for civil forfeiture, alleging that the 1920 Apple Drive property is proceeds of bank fraud and conspiracy to commit bank fraud.  Following the filing of the complaint, the government posted notice on the property, and sent notice to Pinheiro, Heuler Moura, and Valvidino Moura, though it did not send notice to Elveicio Machado.  The government also posted notice of the forfeiture online for 30 days.

On May 14, 2012, the government filed a request for entry of default against the property, which was served on Pinheiro, Heuler Moura, and Valvidino Moura. The clerk entered the default on May 16, 2012. That same day, the government filed a motion for default judgment seeking forfeiture of the property. The motion for default judgment was referred to Magistrate Judge Kandis A. Westmore for a report and recommendation.

On June 11, 2012, the government received a written response from Pinheiro, in which he challenged the legality of the forfeiture proceedings. The basis of his objection was that because he no longer owned the property at the time he was sentenced, the property was not subject to criminal forfeiture, and indeed the government had failed to request entry of a preliminary order of forfeiture by the court.

On June 22, 2012, the government filed a notice of having received the response, and also filed an opposition to Pinheiro's attempt to enter the action, on the basis that he had failed to file a verified claim stating his ownership interest in the property. The government also noted that it was proceeding under the civil forfeiture statute, not the criminal forfeiture statute, and that it was seeking forfeiture for the bank fraud that occurred when Pinheiro fraudulently obtained Wachovia's agreement to sell the property to Moura, who then promptly quitclaimed it back to him.

The court took the government's motion for default judgment off calendar, and provided Pinheiro with a 30-day extension to file a verified claim and answer to the complaint. Pinheiro did not file a claim or an answer within that period (nor at any time afterward). On November 2, 2012, the court re-referred the motion for default judgment to Judge Westmore. The government filed a renewed motion for default judgment on November 13, 2012.

Judge Westmore issued a report and recommendation on December 21, 2012, recommending that the motion be denied because the United States had failed to serve all "potential claimants," since it had not served Elveicio Machado, whose name appeared as a purchaser of one of the cashier's checks that was deposited into the escrow account for purchase of the 1920 Apple Drive property.

3

Judge Westmore stated in the report and recommendation that the government acknowledged at the hearing that it had not served Elveicio Machado "despite having knowledge that he was a potential claimant," and that the government "agreed to send notice" to Elveicio Machado, after which he would have 35 days to file a claim. If he failed to file a claim, the government could then renew its motion. See Report and Recommendation, at 7.

That same day, December 21, 2012, the United States filed a motion requesting Judge Westmore to reconsider or "correct" the report and recommendation, or in the alternative, a motion to the district court for "relief from the nondispositive pretrial order of the magistrate judge." Judge Westmore has not responded to the request for reconsideration.

The statutory authorization for civil forfeiture actions is found at 18 U.S.C. § 981, et seq. Civil forfeiture actions in rem are governed (procedurally) by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Rule G states that the government "must send notice . . . to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Fed. R. Civ. P. Supp. G(4)(B)(1).

Rule G also states, with regard to judicial authorization and process, that "[i]f the defendant is real property, the government must proceed under 18 U.S.C. § 985." Section 985 provides that the government shall initiate a civil forfeiture action against real property by filing a complaint for forfeiture, posting a notice of the complaint on the property, and serving notice on the property owner, along with a copy of the complaint. 18 U.S.C. § 985(c)(1).

Here, the United States satisfied the requirements of § 985(c)(1) by filing a complaint on January 10, 2012; posting notice of the complaint and notice of forfeiture action on the property on January 11, 2012; and sending notice via U.S. mail to Pinheiro, Heuler Moura, and Valvidino Moura on January 11, 2012. The government also posted notice of the forfeiture online for at least 30 consecutive days.

4

With regard to notice, Rule G provides that "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Fed. R. Civ. P. Supp. G(4)(b)(i). In turn, Rule G(5)(a)(ii)(B) provides that

> [u]nless the court for good cause sets a different time, the claim must be filed
> . . . .
> (B) if notice was published but direct notice was not sent to the claimant or the claimant's attorney, no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a), not counting any time when the complaint was under seal or when the action was stayed before execution of a warrant issued under Rule G(3)(b) . . .

Here, the government makes three arguments – (1) that it did not concede at the hearing on the motion for default judgment that notice must be sent to Elveicio Machado as a "potential claimant;" (2) that notice to Elveicio Machado as a "potential claimant" is not required under Rule G(4)(b), because the government was unaware of any legally cognizable interest that he had in the 1920 Apple Drive property, since he had no recorded leasehold or possessory interest in the property, and under California law, a party does not have an interest in land if that interest is not recorded; and (3) that the fact that Elveicio Machado allegedly purchased a $50,000 cashier's check which Hueler Moura used to purchase the 1920 Apple Drive property in the short sale did not convey any legally cognizable interest to Elveicio Machado, particularly given that as of the end of the escrow period, the owner of record was Hueler Moura.

It is not clear whether the government's objection is to having the motion denied pending its notification of Elveicio Machado, or to having been characterized as "conceding" at the hearing that Elveicio Machado was a potential claimant. However, because there is no transcript of the hearing available, and the court is unable to ascertain exactly what was said at the hearing, it is not possible to resolve the question of what concessions the government may or may not have made at the hearing.

With regard to the government's second and third arguments, § 985(c)(1) requires

5

only that the government provide notice of the forfeiture action by posting on the property, and by sending notice to the property owner. "In a forfeiture case, a claimant's Article III standing turns on whether the claimant has a sufficient ownership interest in the property to create a case or controversy." U.S. v. $4,224,958.57, 392 F.3d 1002, 1005 (9th Cir. 2004) (citation and quotation omitted); see also U.S. v. Real Property Located at 475 Martin Lane, Beverly Hills, California, 298 Fed. Appx. 545, 548-49, 2008 WL 4596214 at *1 (9th Cir. Oct. 8, 2008) (to establish standing, a claimant must demonstrate a legitimate ownership interest).

The court was unable to locate any cases construing the phrase "potential claimant" as used in Rule G, but given that § 983 requires only posting on the property and notice to the "property owner," the court finds that for purposes of a forfeiture in rem of real property, a "potential claimant" can only be a "property owner" of record. Elveicio Machado is not the property owner of record, and, for example, would have no ownership interest as against a bona fide subsequent purchaser in California. See First Bank v. East West Bank, 199 Cal. App. 4th 1309, 1319 (2011). While Elveicio Machado might have a financial claim against Heuler Moura, based on his contribution to the escrow account from which Moura purchased the property, that does not translate into an ownership interest in the property that Moura purchased in his name and later quitclaimed to Pinheiro.

The court finds that the motion for default judgment must be GRANTED. The court adopts the report and recommendation, with the exception of the recommendation that the motion for default judgment be denied pending a showing by the United States that it has provided notice to Elveicio Machado. To that extent, the United States' motion for relief is GRANTED.

**IT IS SO ORDERED.**

Dated: March 21, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

6